**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT CHILDRESS,

    *Plaintiff*,    CASE NO. 10-CV-14711

v.    DISTRICT JUDGE PAUL D. BORMAN
    MAGISTRATE JUDGE CHARLES BINDER

SPECIAL AGENT WOOD,
UNITED STATES SECRET SERVICE,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Robert Childress is a state prisoner who is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. On November 24, 2010, Plaintiff filed a *pro se* "Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" against the United States Secret Service, Special Agent Woods, and four unnamed Secret Service agents. The Court construes the complaint as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), because Plaintiff is suing a federal agency and five of its employees, as opposed to a state agency and state officials.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on December 2, 2010. On January 3, 2011, U.S. District Judge Paul D. Borman entered an order summarily dismissing Defendant United States Secret Service. (Doc. 5.) On January 4, 2011, Judge Borman referred all pretrial matters to the undersigned magistrate judge.

After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions,

and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under *Bivens*, the plaintiff "'must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of . . . law.'" *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (quoting *Watkins v. Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (quoting *Russo v. Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)).

### C.     Analysis and Conclusion

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).  I suggest that, in this case, Plaintiff's allegations show that relief is barred by the statute of limitations, and I therefore recommend that the case be *sua sponte* dismissed for failure to state a claim.

The complaint alleges that, in September 2007, Defendant Woods illegally searched and seized Plaintiff and harassed him about an individual whom Plaintiff did not know. (Compl., Doc. 1 at 4.)  Plaintiff further claims that, in October 2007, Defendant Woods and the other unnamed federal agents arrested him, seized his vehicle without a warrant or probable cause, and conspired to violate his civil rights.  (*Id*.)  Plaintiff also states that he was "continually harassed by S.A. Woods even after the illegal arrest," and that he is still suffering from harassment to this day.  (*Id*. at 4-5.)

The statute of limitations for civil rights actions brought under *Bivens* is defined by state law. *Baker v. Mukasey*, 298 Fed. App'x 422, 424 (6th Cir. 2008). For civil rights suits filed in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In this case, Plaintiff's complaint clearly states that the alleged unconstitutional actions took place in September and October of 2007. Accordingly, the 3-year statute of limitations on these claims expired in October of 2010. Plaintiff signed his complaint on November 16, 2010, and it was filed on November 24, 2010, both of which were after the time period had expired. Therefore, as recognized by the Court in *Jones v. Bock*, I suggest that Plaintiff's complaint be *sua sponte* dismissed for failure to state a claim.

I further suggest that Plaintiff's conclusory allegation contained in the final sentences of Plaintiff's statement of facts to the effect that Defendant Woods' "harassment" extended beyond the date of Plaintiff's arrest fails to allege a continuing violation that could extend the statute of limitations. The continuing violations doctrine is rarely extended to civil rights actions, *Sharpe v. Cureton*, 319 F.2d 259, 267 (6th Cir. 2003), and even when it is applied, "discrete acts . . . are not actionable if time-barred, even when they are related to acts that are not time-barred." *Id*. Thus, even applying the continuing violations doctrine, the only allegations that would be actionable are the vague assertions of harassment, and it is well-established that harassment and

threats are insufficient to state a civil rights claim. *See Ivey v. Wilson*, 832 F.2d 950, 954- 55 (6th Cir. 1987).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: January 11, 2011                         United States Magistrate Judge

5

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Robert Lee Childress, Jr., #365065, Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI, 48212-1155; and served on Judge Borman in the traditional manner.

Date:  January 11, 2011        By    s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder