UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHILDRESS,

    Plaintiff,

v.

                              Case No. 10-14711

                              Paul D. Borman
                              United States District Judge

SPECIAL AGENT WOOD,
UNITED STATES SECRET SERVICE,        Charles E. Binder
                              United States Magistrate Judge

    Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM, (2) DENYING PLAINTIFF'S OBJECTIONS, AND (3) DISMISSING THE ACTION**

On November 24, 2010, Plaintiff Robert Childress, proceeding *pro se*, filed the Complaint in this case. (Dkt. No. 1.) Plaintiff alleges that Special Agent Woods and other unnamed "accomplices" ("Defendants"), acting as agents of the United States Secret Service, violated 42 U.S.C. § 1983 when they conducted an illegal search and seizure of Plaintiff in September and October of 2007. Plaintiff also filed an Application to Proceed Without Prepayment of Fees (Dkt. No. 2), which the Court granted on December 2, 2010. (Dkt. No. 4.)

On January 11, 2011, Magistrate Judge Charles E. Binder recommended that Plaintiff's Complaint be *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). (Dkt. No. 7.) Plaintiff did not object, and the Court adopted the Magistrate Judge's Report and Recommendation ("R&R") on March 14, 2011. (Dkt. No. 9.) Plaintiff subsequently filed a letter

1

claiming that he failed to object to the R&R because he never received a copy of it. (Dkt. No. 11.) Noting that Plaintiff's address had changed after the R&R was filed, the Court reconsidered its previous Order Adopting the R&R and allowed Plaintiff 30 days to file objections. (Dkt. No. 12, Order Granting Plaintiff's Motion to Reconsider.) Now before the Court are Plaintiff's Objections to the Magistrate Judge's R&R, which were filed on May 9, 2011. (Dkt. No. 13.)

For the reasons set forth below, the Court will:

(1) Adopt Magistrate Judge Binder's Report and Recommendation;

(2) Deny Plaintiff's Objections, and

(3) Dismiss the action.

## I. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Mound Correctional Facility in Detroit, Michigan. His Complaint alleges that he was "illegally searched and seized" by Defendant Woods in September and October of 2007. (Compl. 3.) Plaintiff also alleges that Defendants conspired with other agents and agencies to violate his civil rights, and that Defendant Woods continually harassed him.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b), when a party objects to a report and recommendation, the Court reviews the report and recommendation *de novo*.

Because Plaintiff is seeking redress against a governmental office and officers, and because he is proceeding *in forma pauperis*, the Court must screen the Complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B). "[T]hese statutes require the court to dismiss any portion of the complaint that (1) fails to state a claim upon which relief may be granted, or (2) is frivolous." *Hill*

v. *Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To state a claim upon which relief can be granted, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, when reviewing a complaint drafted by a *pro se* plaintiff, the Court must "liberally construe [the] pleading and hold the complaint to a less stringent standard than a similar pleading drafted by attorneys." *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

### III. ANALYSIS

The Magistrate Judge has recommended *sua sponte* dismissal of Plaintiff's Complaint because his claims under § 1983 are barred by the applicable statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that a complaint is subject to dismissal "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations . . . .").

The statute of limitations for federal constitutional damages actions is governed by the state law limitations period for personal injury actions. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Michigan's statute of limitations for personal injury claims is three years. Mich. Comp. Laws § 600.5805; *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986). Based on the preceding, the Magistrate Judge recommended dismissal:

> In this case, Plaintiff's complaint clearly states that the alleged unconstitutional actions took place on September and October of 2007. Accordingly, the 3-year statute of limitations on these claims expired in October 2010. Plaintiff signed his complaint on November 16, 2010, and it was filed on November 24, 2010, both of which were after the time period had expired. Therefore, . . . I suggest that Plaintiff's complaint be *sua sponte* dismissed for failure to state a

3

claim.

(R&R at 4.)

Plaintiff asserts that the alleged actions of Defendants constitute a "continuing violation," which has extended the time period for filing his Complaint. Plaintiff principally relies on the allegation in his Complaint that he "was continuously harassed by [Special Agent] Woods even after the illegal arrest, [sic] he made calls and accusations to my state parole officer, federal probation officer and Commercial Auto Theft which ultimately lead [sic] to more harassment which I am still suffering from today." (Compl. 3-4.) This alleged "harassment," as set forth in Plaintiff's Objections, included a civil conspiracy to arrest, prosecute and incarcerate Plaintiff for conducting a lawful business. (Pl.'s Obj. 2-3.)

The Magistrate Judge addressed the continuing violations theory in his R&R. Citing *Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2003), the Magistrate Judge first noted that the continuing violations doctrine "rarely extends . . . to § 1983 actions." *Id.* at 267. The Magistrate Judge then concluded that Plaintiff's "vague assertions of harassment" were "insufficient to state a civil rights claim." (R&R at 4-5.)

The Court agrees. Even considering the clarified allegation set forth in Plaintiff's Objections – that Defendants conspired to arrest him, resulting in his allegedly unconstitutional prosecution and incarceration – Plaintiff has alleged discrete acts. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also McCune v. City of Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988) (holding that "the false arrest, malicious prosecution, and wrongful suppression of exculpatory evidence constitute discrete wrongs (i.e., separate torts with separate elements), and they will not be viewed

by this court as a continuing violation."). The allegations as set forth in Plaintiff's Complaint and clarified in his Objections do not constitute a continuing violation. His claims are therefore barred by the statute of limitations and are dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) Adopt Magistrate Judge Binder's Report and Recommendation;

(2) Deny Plaintiff's Objections, and

(3) Dismiss the action.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 6-29-11